O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS REESE,<br><br>            Plaintiff,<br>    v.<br><br>SPRING NEXTEL CORPORATION; T-MOBILE US, INC.; TRACFONE WIRELESS, INC.; UNITED STATES CELLULAR CORPORATION dba U.S. CELLULAR; AT&T MOBILITY LLC; and CELLCO PARTNERSHIP dba VERIZON WIRELESS,<br><br>            Defendants. | Case No. 2:13-cv-3811-ODW(PLAx)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE SEVERED UNDER 35 U.S.C. § 299** |

      Joinder is normally governed by Federal Rule of Civil Procedure 20.  But in late 2011, Congress passed the Leahy-Smith America Invents Act, which (among other things) altered the standard for joinder in patent suits.  Leahy-Smith America Invents Act, Pub. L. No. 112-29, sec. 19(d), § 299, 125 Stat 284, 332–33 (2011) (codified at 35 U.S.C. § 299).  This statute sets a higher standard for joinder and prohibits joinder unless the claimed infringement by each defendant arises out of the same transactions relating to infringement of the patent-in-suit by the same accused product:

> (a) **Joinder of Accused Infringers.**— With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been

pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if—

>(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
>(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

(b) **Allegations Insufficient for Joinder.**— For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

(c) **Waiver.**— A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

35 U.S.C. § 299.

Here, Plaintiff Morris Reese has sued Sprint, T-Mobile, TracFone Wireless, U.S. Cellular, AT&T Mobility, and Verizon Wireless. He alleges that each of these wireless carriers has individually infringed on U.S. Patent No. 6,868,150 by offering

>wireless mobile telephone services, including Caller ID and Call Waiting, that let's [*sic*] you (1) hear on your cellular mobile phone an audible notification such as a call waiting tone alert which indicates an incoming (waiting) call while you're already engaged in a call and, if applicable, let's [*sic*] you (2) see on a [*sic*] LCD display [*sic*] of your cellular mobile phone a telephone number (DN) associated with the incoming (waiting) call. Compl. ¶ 33.

Based on this allegation, the Court cannot discern that any of these wireless carriers has anything in common beyond having allegedly infringed the '150 Patent. *See* § 299(b). The Court therefore **ORDERS** Reese to **SHOW CAUSE** no later than

**July 12, 2013**, why all named Defendants but the first-named Defendant (Sprint Nextel) should not be severed from this action as improperly joined under § 299. Each Defendant is also invited (but not required) to file a brief statement of position on § 299 misjoinder on or before July 12. In the meantime, each Defendant's time to answer or otherwise respond to Reese's Complaint is hereby **SUSPENDED** until further notice by the Court.

**IT IS SO ORDERED.**

June 14, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**