O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS REESE,<br><br>                Plaintiff,<br>        v.<br><br>SPRING NEXTEL CORPORATION; T-MOBILE US, INC.; TRACFONE WIRELESS, INC.; UNITED STATES CELLULAR CORPORATION dba U.S. CELLULAR; AT&T MOBILITY LLC; and CELLCO PARTNERSHIP dba VERIZON WIRELESS,<br><br>                Defendants. | Case No. 2:13-cv-3811-ODW(PLAx)<br><br>**ORDER SEVERING CASE** |

The Court has received Plaintiff Morris Reese's Response to the Court's June 14, 2013 Order to Show Cause regarding severance.[1]  (ECF Nos. 8, 12.)  Reese relies on an incomplete analysis of 35 U.S.C. § 299 and Ninth Circuit precedent.  The former is incorrect; the latter is irrelevant for patent cases.

Although joinder is normally governed by Federal Rule of Civil Procedure 20, joinder in patent cases is different.  Newly enacted statute, 35 U.S.C. § 299, requires a higher standard for joinder, and prohibits joinder unless the additional requirements are satisfied:

---

[1] "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.

> (a) **Joinder of Accused Infringers.**— With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if—
> > (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> > (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.
> 
> (b) **Allegations Insufficient for Joinder.**— For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.
> 
> (c) **Waiver.**— A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

35 U.S.C. § 299.

Reese alleges that Sprint, T-Mobile, TracFone Wireless, U.S. Cellular, AT&T Mobility, and Verizon Wireless have individually infringed on U.S. Patent No. 6,868,150 by offering

> wireless mobile telephone services, including Caller ID and Call Waiting, that let's [*sic*] you (1) hear on your cellular mobile phone an audible notification such as a call waiting tone alert which indicates an incoming (waiting) call while you're already engaged in a call and, if applicable, let's [*sic*] you (2) see on a [*sic*] LCD display [*sic*] of your cellular mobile phone a telephone number (DN) associated with the incoming (waiting) call.

(Compl. ¶ 33.)

Based on this allegation, the Court cannot discern that any of these wireless carriers has anything in common beyond having allegedly infringed the '150 Patent. Reese merely asserts conclusions in his Response without offering any facts. That is,

Reese concludes that (1) Defendants' infringement arise out of the same transaction(s) or occurrence(s), (2) Defendants are related to one another through their use and sale of caller ID and call waiting, (3) Defendants' caller ID and call waiting services operate identically and use the same technology, and (4) there are common questions of law and fact concerning each of the Defendants. (Resp. 5.)

But that is not enough. Sameness of accused products or services is insufficient for joinder:

> Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

*In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). And even if the underlying infringing parts or service are identically sourced, there are other factors to consider before joining the defendants, including:

> whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits.

*Id.* at 1359–60. Reese fails to state any facts showing why joinder remains proper under § 299. Mere speculation of these joinder factors is insufficient and renders Reese's Response unpersuasive.

Therefore, the Court hereby **SEVERS** and **DISMISSES WITHOUT PREJUDICE** all Defendants from this case, except for Sprint, the first-named Defendant.[2] Should Reese desire to refile his case against the dismissed Defendants in this district, he must file them separately and pay a separate filing fee for each case.

///

---

[2] Upon severance, the Court may dismiss the severed parties, or may transfer them under 28 U.S.C. § 1406. *See Anrig v. Ringsby United*, 603 F.2d 1319, 1325 (9th Cir. 1978).

Further, Reese is hereby ordered to file a notice of related cases under L.R. 83-1.3.[3]  Sprint has 14 days from the date of this order to file its answer or otherwise respond to Reese's Complaint.

**IT IS SO ORDERED.**

July 15, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[3] The severed cases are sufficiently related that they should all be before the same judge for case management and judicial efficiency purposes, but they are not sufficiently related for joinder under 35 U.S.C. § 299.

4