O

# United States District Court
# Central District of California

| | |
|---|---|
| MORRIS REESE,<br><br>           Plaintiff,<br><br>    v.<br><br>SPRINT NEXTEL CORP.,<br><br>           Defendant. | Case No. 2:13-cv-03811-ODW(PLAx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [81]** |

## I. INTRODUCTION

Plaintiff Morris Reese moves for reconsideration of the Court's Order granting Defendant's respective motions for summary judgment on the defense of laches. Reese asserts that the Supreme Court's recent decision in *Petrella v. Metro-Goldwin-Mayer, Inc.,* 134 S. Ct. 1962 (2014), materially changes the controlling law of laches set forth by the Federal Circuit in *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020 (Fed. Cir. 1992) (en banc), and directly impacts the Court's summary-judgment Order. For the reasons discussed below, the Court **GRANTS** Reese's Motion for Reconsideration,[1] (ECF No. 84) and having done so, reaffirms its original decision.

/ / /

---

[1] After carefully considering the papers filed with respect to Reese's Amended Motion for Reconsideration, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

///

## II. FACTUAL BACKGROUND

On March 17, 2014, Defendants filed individual motions for summary judgment. All Defendants asserted laches as an equitable defense to Reese's infringement allegations. (*Id.*) On May 9, 2014, the Court granted summary judgment on Defendants' laches defense. (ECF No. 76.) The Court found that the Defendants were entitled to a presumption of laches—due to Reese's over six-year delay in bringing suit—which Reese failed to rebut. (*Id.*) On May 19, 2014, the United States Supreme Court decided *Petrella v. Metro-Goldwin-Mayer, Inc.,* 134 S. Ct. 1962 (2014). On June 2, 2014, Reese filed this Motion for Reconsideration. (ECF No. 81), which he amended on June 9, 2014. (ECF No. 84.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party of an order for, among other reasons, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Under Ninth Circuit case law, a party may only seek relief under this catchall provision when the party demonstrates "extraordinary circumstances" warranting the court's favorable exercise of discretion. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). To satisfy its burden under this lofty standard, a party must prove both (1) an injury and (2) circumstances beyond its control. *Id.*

The Local Rules further elucidate the proper bases for which a party may seek reconsideration:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing

1  of a failure to consider material facts presented to the Court before such
2  decision.
3 L.R. 7-18.  Additionally, "[n]o motion for reconsideration shall in any manner repeat
4 any oral or written argument made in support of or in opposition to the
5 original motion." *Id.*

## IV.  DISCUSSION

Reese asserts that the Court should reconsider its May 9, 2014 Orders granting Defendants' motions for summary judgment because *Petrella* constitutes a material change in the law that affects the Court's summary-judgment Orders.  Reese contends that the Supreme Court's decision in *Petrella* requires that Reese be allowed to go forward with his infringement claims because *Petrella* prohibits Courts from allowing a finding of laches to shorten a congressionally defined limitations period.

Defendants assert that there is no basis for reconsiderations because *Petrella* pertained only to the Copyright Act, and the Supreme Court explicitly declined to opine on the patent-specific laches doctrine.

In *Petrella*, the Supreme Court established that the equitable defense of laches cannot be used to defeat a claim filed within the Copyright Act's three-year statute of limitations.  *Id.* at 1973–74.  The Supreme Court held that if the infringement occurred within the limitations period, "courts are not at liberty to jettison Congress' judgment on the timeliness of suit."  *Petrella*, 134 S. Ct. at 1967.  The Supreme Court deferred to Congress's time provisions, eschewing the application of laches in a manner that would further limit the timeliness of suit.  *Id.* at 1974 ("[I]n face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief . . . .")  Rather, the Court stated that laches is a "gap-filling, not legislation-overriding," measure that is appropriate only when there is not an explicit statute of limitations.  *Id.* at 14.

Although the decision in Petrella was confined to laches in the copyright context, the Supreme Court did comment on the applicability of laches to patent law,

|   |   |
|---|---|
| 1 | The Patent Act states: "[N]o recovery shall be had for any infringement |
| 2 | committed more than six years prior to the filing of the complaint."  35 |
| 3 | U.S.C. § 286.  The Act also provides that "[n]oninfringement, absence of |
| 4 | liability for infringement or unenforceability" may be raised "in any |
| 5 | action involving the validity or infringement of a patent."  § 282(b) |
| 6 | Based in part on § 282 and commentary thereon, legislative history, and |
| 7 | historical practice, the Federal Circuit has held that laches can bar |
| 8 | damages incurred prior to the commencement of suit, but not injunctive |
| 9 | relief.  *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,* 960 F.2d 1020, |
| 10 | 1029–1031, 1039–1041 (1992) (en banc).  We have not had occasion to |
| 11 | review the Federal Circuit's position. |

*Id.* at 1974 n.15.

Thus, the Supreme left *Auckerman* standing as controlling law on laches in the patent context.  In *Aukerman*, the Federal Circuit dealt with the application of laches in the patent context—and the doctrine's interplay with the damages limitation provided in § 286.  *Aukerman*, 960 F.2d at 1032.  The defendant in *Aukerman* argued that the statutorily provided statute of limitations precluded the application of a laches defense.  *Id.*  The Federal Circuit noted that the six-year limitation period "is not a statute of limitations in the sense of barring a suit for infringement."  *Id.* at 1030.  Indeed, the Federal Circuit noted that for a brief time, the Patent Act contained a true statute of limitations that required that "all actions for the infringement of patents shall be brought . . . within six years . . . ."  *Id.* at 1020 n.8.  In contrast, the modern § 286 provision functions as a damages limitation.  *See Aukerman*, 960 F.2d 1020–21.  The Federal Circuit found that the laches doctrine was fully compatible with § 286, because although it provided a discretionary power to limit *prefiling* damages, it did not affect the enforceability of the patent generally.  *Id.* at 1030–31.

To the extent that Reese argues that *Petrella* implicitly overrules *Aukerman*, the Court disagrees.  *Petrella* does call into question whether a laches finding can bar

monetary relief for patent infringement committed within the six-year limitation period provided under § 286.  Copyright law and patent law have numerous parallels, and there is a robust history of the Supreme Court borrowing principles from one body of law to support decisions in the other—including laches.  *See Aukerman*, 960 F.2d at 1033 (citing *Bott v. Four Star Corp.*, 807 F.2d 1567, 1576 (Fed. Cir. 1986) (overruled on other grounds)).

Moreover, some of the concerns noted by the Supreme Court in *Petrella* apply with equal force to patent-infringement actions.  First, the same separation-of-powers conflict is present.  Like the Copyright Act, the Patent Act provides a congressionally codified statute of limitations.  *See* 35 U.S.C. § 286.  The application of the judicially created laches doctrine to infringement claims brought within the prescribed limitations period necessarily creates tension between the two branches.  *See Petrella* 134 S. Ct. at 1973–74.  Second, there are arguably greater concerns regarding the adverse effects of inconsistent laches applications in the patent context.  See *id.* at 1975 ("Inviting individual judges to set a time limit other than the one Congress prescribed . . . would tug against the uniformity Congress sought to achieve . . . .").

But there are also significant differences between the two bodies of law that call in to question the applicability of *Patrella* to patent law.  First, the Patent Act's time limitation on damages is not a perfect analog for the Copyright Act's statute of limitations.  The Copyright Act provides an absolute three-year limitations period for all civil actions.  17 U.S.C. § 507.  In contrast, the Patent Act does not contain an absolute statute of limitations—it provides a time limitation on damages recovery: "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint . . . for infringement."  35 U.S.C. § 286.

Additionally, § 286 has a different time line, statutory structure, and legislative history than the corresponding copyright limitations period.  Indeed, the Federal Circuit explored this divergent history in *Aukerman* and determined that Congress

1 intended laches to complement—rather than be supplanted by—§ 286's damages
2 limitation. *See Aukerman*, 960 F.2d 1030–31.
3 / / /
4 Because the Supreme Court left *Aukerman* standing as controlling law on laches
5 in the patent context, and significant differences exist between copyright and patent
6 law, the Court cannot find that *Petrella* explicitly or implicitly mandates a departure
7 from the Court's May 9, 2014 decisions.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Reese's Amended Motion for Reconsideration. (ECF No. 84.) Reese's original Motion for Reconsideration (ECF No. 81), is **DENIED AS MOOT**. Having reconsidered Reese's Motion in light of the *Patrella* the court reaffirms its original decision granting Defendant's respective motions for summary judgment on the defense of laches.

**IT IS SO ORDERED.**

July 24, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**